UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CALVIN LITTLE,

    Petitioner,

v.

GEORGE ROBINSON et al.,

    Respondents.

Civ. No. 17-4498 (FLW)

**MEMORANDUM AND ORDER**

Petitioner, Calvin Little ("Little" or "Petitioner"), is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Pet., ECF No. 1.) On October 10, 2017, as the Petition lacked the required notice under *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000),[1] the Court ordered Little to notify the Court within 45 days whether he wished to have his Petition ruled on as filed or wished to withdraw his Petition and submit one all-inclusive Petition. (ECF No. 3.) Little subsequently indicated that he wished to have the Petition ruled on as filed. (ECF No. 4.) On November 20, 2017, the Court ordered Respondents to serve an answer the petition or move to dismiss on timeliness grounds within 45 days, and it permitted Little 45 days to file a reply to the answer. (ECF No. 5.) After the Court granted several requests by Respondents to extend their time to answer, Respondents filed a timely Response to the Petition on August 29, 2018. (*See* ECF Nos. 7–13.)

---

[1] *Mason* requires District Courts to give *pro se* § 2254 habeas petitioners notice that the Anti-Terrorism and Effective Death Penalty Act of 1996 has a restrictive effect on second or successive habeas petitions and, thus, further requires courts to give petitioners the choice of having their petitions ruled on as filed or withdrawing their petitions and filing all-inclusive § 2254 petitions. *See Mason*, 208 F.3d at 418.

Petitioner subsequently sent a letter to the Court indicating that he had received no answer from the Respondents and requesting an order compelling Respondents to answer. (ECF No. 14.) It appears that, although Respondents filed their Response on the case's docket, they did not serve the Response on Petitioner.

Local Civil Rule requires, in relevant part, that respondents in a habeas case "file and *serve* [their] answer to the petition or motion not later than 45 days from the date on which an order directing such response is filed with the Clerk, unless an extension is granted for good cause shown." L. Civ. R. 81.2(d) (emphasis added). The Affidavit of Service accompanying the Response to the Petitioner indicates that it was "served on Calvin Little . . . via the United States District Court E-Filing system." (ECF No. 13-29.) Although Local Civil Rule 5.2 permits service by electronic means, such service is proper only if it is "in accordance with procedures promulgated by the Court." L. Civ. R. 5.2. The Court's Electronic Case Filing Policies and Procedures, however, permit electronic service only on ECF Filing Users. Specifically, it states,

> A Non ECF Filer is entitled to receive a paper copy of any electronically filed document from the party making such filing. Service of such paper copy must be made according to the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, the Local Civil or Criminal Rules of this Court.

Electronic Case Filing Policies and Procedures (as amended Apr. 3, 2014) § 14(b)(2), https://www.njd.uscourts.gov/sites/njd/files/PoliciesandProcedures2014.pdf [hereinafter "Policies & Procedures"]. Little is not an electronic filer and, under the applicable polices, is ineligible to receive filed documents electronically. Policies & Procedures § 4 ("A Pro Se party who is *not incarcerated* may request to receive filed documents electronically . . . ."). Accordingly, Respondents, having obtained multiple extensions to file their Answer, have not

properly served their Response upon Little.  Their conduct demonstrates a pattern of delay that this Court cannot accept, and therefore, the Court now orders them to do so promptly.

The Court further notes that Little has filed an "Application for Release from Custody Pending Review of Petitioner's Writ of Habeas Corpus Proceeding." (ECF No. 15.)  Little cites to Respondents' "unreasonable delays" in answering his Petition, and seeks release on his own recognizance under "Rule 23 governing habeas corpus proceedings." (*Id.*)

The Court construes that Little seeks to invoke Federal Rule of Appellate Procedure 23, titled "Custody or Release of a Prisoner in a Habeas Corpus Proceeding."[2]  Fed. R. App. P. 23.  That rule does not apply in these circumstances, however.  It governs release on bail pending appellate review of a court's *final order* resolving a habeas petition, not, as is the case here, release on bail pending the District Court's review of the petition.  *See id.*; *Landano v. Rafferty*, 970 F.2d 1230, 1238–39 (3d Cir. 1992).  A petitioner may apply for bail pending the District Court's review of a habeas petition, but release on bail may be granted only upon a showing of "extraordinary circumstances."  *Landano*, 970 F.2d at 1239; *Lucas v. Hadden*, 790 F.2d 365, 367–68 (3d Cir. 1986); *see also In re Souels*, 688 F. App'x 134, 135–36 (3d Cir. 2017).  Little has not identified any circumstances that could be considered extraordinary, and his application for release is therefore denied.

Accordingly, IT IS, on this 1st day of April 2019,

ORDERED that **Respondents shall serve upon Petitioner a copy of their Response to the Petition within seven (7) days of the date this Memorandum and Order is filed**; and it is further

---

[2] The Court so assumes that this is the rule Little means to invoke as Federal Rule of Civil Procedure 23 pertains to class actions.

ORDERED that Petitioner may file and serve a reply to the Response within forty-five (45) days after its service, *see* Rule 5(e) of Rules Governing § 2254 Cases; and it is further

ORDERED that Petitioner's Application for Release from Custody Pending Review of Petitioner's Writ of Habeas Corpus Proceeding, (ECF No. 15), is DENIED; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this order on Petitioner by regular U.S. mail.

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge