# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CALVIN LITTLE,** | **Civil Action No. 17-4498 (FLW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **GEORGE ROBINSON, et al.,** | |
| **Respondents.** | |

This matter has been opened to the Court by Petitioner Calvin Little's ("Petitioner" or "defendant") filing of a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the Petition, Respondent's Answer, Petitioner's Traverse, and the relevant record, the Court denies the Petition for the reasons stated in this Opinion and also denies a certificate of appealability.

## I.   FACTUAL BACKGROUND & PROCEDURAL HISTORY[1]

On May 9, 2011, Petitioner assaulted and abducted his wife, Terrance Little.[2]  On August 31, 2011, a Mercer County Grand Jury returned Indictment No. 11-08-0865I charging Petitioner with kidnapping, first-degree, contrary to N.J.S.A. 2C:13-1b (Count I); aggravated sexual assault, first-degree, contrary to N.J.S.A. 2C:14-2a(3) (Count II); carjacking, first-degree, contrary to N.J.S.A. 2C:15-2 (Count III); and contempt, fourth-degree, contrary to N.J.S.A. 2C:29-9b (Count IV).  ECF No. 13-1, Exhibit Grand Jury Ind No. 11-08-0865I, Aug. 31, 2011.

---

[1] The factual background is taken from the record submitted by the parties; the facts related to the individual claims for relief are discussed in the analysis section of the Opinion.

[2] The facts related to the assault and abduction are detailed in the in the July 21, 2015 Order and Written Opinion of Hon. Pedro J. Jimenez, J.S.C. denying Petitioner's PCR.  *See* ECF No. 13-22.

Pursuant to a plea agreement reached by the parties with the input of Superior Court Judge Pedro Jimenez, Jr. pursuant to Rule 3:9–3(c), defendant pleaded guilty to first-degree kidnapping, N.J.S.A. 2C:13–1(b).[3]  *See* ECF No. 13-3, Exhibit Transcript of Plea Hearing, Jan. 31, 2013 ("Plea Hearing Transcript").  Judge Jimenez sentenced defendant to fourteen years in prison, subject to an 85% period of parole ineligibility pursuant to the No Early Release Act ("NERA"), N.J.S.A. 2C:43–7.2.  *See* ECF No. 13-5, Exhibit Transcript of Sentence, Apr. 23, 2013 ("Sentencing Transcript"); ECF No. 13-6, Judgment of Conviction, Apr. 23, 2013.

Petitioner filed an excessive sentence appeal, and the Appellate Division affirmed the sentence imposed.  *State v. Little*, No. A–3160–13 (App. Div. June 3, 2014).  The Supreme Court denied certification.  *State v. Little*, 219 N.J. 629 (2014).

Petitioner subsequently filed a petition for postconviction relief ("PCR").  *See* ECF No. 13-14, PCR, Superior Court, Law Division Mercer County, Indictment No. 11-08-0865I, Oct. 6, 2014.  On July 17, 2015, the PCR court denied the PCR in a written decision.  ECF No. 13-21, Transcript of PCR Hearing, Jul. 17, 2015; ECF No. 13-22, PCR Order and Written Opinion, Jul. 21, 2015.  Petitioner appealed, and the Appellate affirmed the denial of the PCR on February 24, 2017.  *State v. Little*, No. A–0744–15T3, 2017 WL 728129, at *1–3 (N.J. Super. A.D. Feb. 24, 2017).  The Supreme Court denied certification on May 19, 2017.  *State v. Little*, 230 N.J. 404, 405 (2017).

The instant habeas Petition is dated June 14, 2017.  *See* ECF No. 1 at 17.  The Court provided Petitioner with the required notice pursuant to *Mason v. Myers*, 208 F.3d 414 (3d Cir.

---

[3] At the time of Petitioner's plea, the parties had not reached an agreement on the recommended length of the sentence. The State sought a fifteen-year prison term, while defendant argued for a fourteen-year term.  Pursuant to Rule 3:9–3(c), Judge Jimenez reviewed the parties' respective positions and advised that he planned to impose no more than a fourteen-year term, subject to his review of the presentence report prior to sentencing.

2000), and Petitioner informed the Court that he wished to proceed on the Petition as filed.  *See* ECF Nos. 3-4.  The Court directed Respondents to answer the Petition, and the Answer was filed on August 29, 2018.  ECF Nos. 5, 13.  Petitioner filed his Traverse on May 17, 2019.  ECF No. 18.  The matter is fully briefed and ready for disposition.

## II.   <u>STANDARD OF REVIEW</u>

Section 2254(a) permits a court to entertain only claims alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Petitioner has the burden of establishing each claim in the petition. *See Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013).  Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, tit. I, § 101 (1996),  28 U.S.C. § 2244, federal courts in habeas corpus cases must give considerable deference to determinations of state trial and appellate courts.  *See Renico v. Lett*, 599 U.S. 766, 772 (2010).

Section 2254(d) sets the standard for granting or denying a writ of habeas corpus:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Where a state court adjudicated a petitioner's federal claim on the merits,[4] a federal court "has no authority to issue the writ of habeas corpus unless the [state c]ourt's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Parker v. Matthews*, 567 U.S. 37, 40-41 (2012) (quoting 28 U.S.C. § 2254(d)).

"[C]learly established law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of t[he Supreme Court's] decisions," at of the time of the relevant state-court decision. *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).  A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d) (1) if the state court "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." *Williams*, 529 U.S. at 405-06.  Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. As to 28 U.S.C. § 2254(d)(1), a federal court must confine its examination to evidence in the record.  *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011).

Where a petitioner seeks habeas relief, pursuant to § 2254(d)(2), on the basis of an erroneous factual determination of the state court, two provisions of the AEDPA necessarily

---

[4] "For the purposes of Section 2254(d), a claim has been 'adjudicated on the merits in State court proceedings' when a state court has made a decision that (1) finally resolves the claim, and (2) resolves th[at] claim on the basis of its substance, rather than on a procedural, or other, ground." *Shotts v. Wetzel*, 724 F.3d 364, 375 (3d Cir. 2013) (citation and internal quotation marks omitted).

apply.  First, the AEDPA provides that "a determination of a factual issue made by a State court shall be presumed to be correct [and] [t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 29 U.S.C. § 2254(e)(1); *see Miller–El v. Dretke*, 545 U.S. 231, 240 (2005).  Second, the AEDPA precludes habeas relief unless the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).

In addition to the above requirements, a federal court may not grant a writ of habeas corpus under § 2254 unless the petitioner has "exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  To do so, a petitioner must "'fairly present' all federal claims to the highest state court before bringing them in federal court."  *Leyva v. Williams*, 504 F.3d 357, 365 (3d Cir. 2007) (citing *Stevens v. Delaware Corr. Ctr.*, 295 F.3d 361, 369 (3d Cir. 2002)).  This requirement ensures that state courts "have 'an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights.'"  *Id.*  (citing *United States v. Bendolph*, 409 F.3d 155, 173 (3d Cir. 2005) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)).

Even when a petitioner properly exhausts a claim, a federal court may not grant habeas relief if the state court's decision rests on a violation of a state procedural rule. *Johnson v. Pinchak*, 392 F.3d 551, 556 (3d Cir. 2004).  This procedural bar applies only when the state rule is "independent of the federal question [presented] and adequate to support the judgment." *Leyva*, 504 F.3d at 365-66 (citing *Nara v. Frank*, 488 F.3d 187, 196, 199 (3d Cir. 2007); *see also Gray v. Netherland*, 518 U.S. 152 (1996), and *Coleman v. Thompson*, 501 U.S. 722 (1991)).

If a federal court determines that a claim has been defaulted, it may excuse the default only upon a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Leyva*, 504 F.3d at 366 (citing *Lines v. Larkins*, 208 F.3d 153, 166 (3d Cir. 2000)).

To the extent that a petitioner's constitutional claims are unexhausted and/or procedurally defaulted, a court can nevertheless deny them on the merits under 28 U.S.C. § 2254(b)(2). *See Taylor v. Horn*, 504 F.3d 416, 427 (3d Cir. 2007) ("Here, because we will deny all of [petitioner's] claims on the merits, we need not address exhaustion"); *Bronshtein v. Horn*, 404 F.3d 700, 728 (3d Cir. 2005) (considering procedurally defaulted claim, and stating that "[u]nder 28 U.S.C. § 2254(b)(2), we may reject claims on the merits even though they were not properly exhausted, and we take that approach here").

## III.   ANALYSIS

### a.   Petitioner's Habeas Claims

As noted above, federal habeas corpus relief may not be granted with respect to any claim a state court has adjudicated on the merits unless the state court's decision denying relief involves "an unreasonable application" of "clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).  Here, the relevant clearly established law derives from *Strickland v. Washington*, 466 U.S. 668 (1984), which provides the standard for ineffective assistance of counsel under the Sixth Amendment.

To establish ineffective assistance of counsel "a defendant must show both deficient performance by counsel and prejudice."  *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009).

The Supreme Court instructs that a court need not address both components of an ineffective assistance claim "if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citing *Strickland*, 466 U.S. at 688). A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.* (citing *Strickland*, 466 U.S. at 689). The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (citing *Strickland*, 466 U.S. at 694). It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* (citing *Strickland*, 466 U.S. at 693. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* (citing *Strickland*, 466 U.S. at 687).

"Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult" and focuses on "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington*, 562 U.S. at 105.

It is well established that defendants are "entitled to the effective assistance of competent counsel" during plea negotiations. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Hill v. Lockhart*, 474 U.S. 52 (1985) the Court held "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." 474 U.S. at 58. As usual, the performance prong of *Strickland* requires a defendant to show "'that counsel's representation fell below an objective standard of reasonableness.'" 474 U.S. at 57 (quoting *Strickland*, 466 U.S., at 688). "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. A defendant must show that a decision to proceed to trial "would have been rational under the circumstances." *Padilla*, 559 U.S. at 372.

It is also well-established that "a defendant has the right to make a reasonably informed decision whether to accept a plea offer." *United States v. Day*, 969 F.2d 39, 43 (3d Cir.1992); s*ee also Hill*, 474 U.S. at 56–57 (voluntariness of guilty plea depends on adequacy of counsel's advice); *Von Moltke v. Gillies*, 332 U.S. 708, 721 (1948) ("Prior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered."). A petitioner has a Sixth Amendment claim when "the advice that he received was so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the [plea] offer." *Day*, 969 F.2d at 43.

Here, Petitioner's attorney at arraignment was Assistant Deputy Public Defender Jenna Casper, Esq. ("Ms. Casper"). Ms. Casper subsequently withdrew, and Petitioner was represented at the plea hearing and sentencing by Assistant Deputy Public Defender Jason Matey, Esq. ("Mr.

Matey"). Although Petitioner initially refused a Fifteen-year plea deal from the state while represented by Ms. Casper, he subsequently pleaded guilty to a fourteen-year plea deal three days later after Mr. Matey took over as his public defender. *See* ECF No. 13-2, Transcript of Pretrial Hearing, dated January 28, 2013; *see also* Plea Hearing Transcript.

These facts provide the backdrop for Petitioner's claims of ineffective assistance. In his PCR, Petitioner argued that Mr. Matey rendered ineffective assistance by failing to: (1) raise a diminished capacity defense based upon Petitioner's alleged mental illness and intoxication; (2) properly investigate his case; (3) advise him of all of the elements of kidnapping; and (4) present appropriate mitigating factors at the time of sentencing. *See* ECF No. 13-19, Brief and Appendix in Support of PCR ("PCR Appellate Brief"), May 14, 2015. As noted above, the PCR court denied Petitioner's claims in a written decision and without an evidentiary hearing. *See* PCR Order and Decision. On appeal, Petitioner re-raised these claims; he also argued that he should have received an evidentiary hearing on his ineffective assistance claims and that his claims about ineffective assistance at sentencing were not procedurally barred in light of the denial of his direct appeal. *See* PCR Appellate Brief.

The Appellate Division rejected Petitioner's ineffective assistance claims as follows:

> In a thorough written opinion, Judge Jimenez considered each of [the ineffective assistance claims] and denied defendant's petition. The judge concluded that defendant failed to satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674, 693 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different.
>
> Taking defendant's contentions in turn, Judge Jimenez first found that defendant failed to "produce[ ] any evidence of diminished capacity due to mental illness or intoxication" other than his bald assertion that he suffered from either or both of these conditions. Because defendant's petition for PCR did not contain "one iota of documentation" supporting a diminished capacity claim, the judge

concluded that defendant's "trial counsel [could not] be found to be ineffective for failing to introduce a bald assertion of diminished capacity, unsupported by any actual evidence."

Judge Jimenez next rejected defendant's contention that his attorneys failed to adequately investigate his case and the possible defenses available to him. The judge noted that defendant had "not proffered any valid issues that could have been raised at trial, but were ignored by trial counsel, such as potential witnesses, exculpatory evidence[,] or any valid defenses." Instead, defendant's contention was once again nothing more than a bald assertion without any factual basis.

In addition, the judge observed that defendant faced a thirty-year sentence on the kidnapping charge, and an aggregate sentence of over fifty years if he were also convicted of the three charges the State agreed to dismiss as part of the plea agreement. However, defendant's attorneys were able to negotiate a plea with the judge's assistance pursuant to R. 3:9–3(c) for a maximum sentence of fourteen years. Under these circumstances, Judge Jimenez concluded that it would not have been rational for defendant to refuse to accept the favorable terms of the plea agreement and insist on going to trial.

In his PCR petition, defendant complained that his first trial attorney left the case after she had a "communication breakdown" with him and that the second attorney only represented him for three days before defendant decided to accept the plea agreement. However, Judge Jimenez found that the first attorney had to leave the case because she was going on maternity leave and not because of any dispute with defendant. Her replacement attorney was a public defender in the same office and the first attorney "fully advised" the new attorney "of the aspects of the case, the progress of the case and all plea discussions." In addition, defendant again failed to identify any exculpatory information or witnesses that either attorney should have discovered, but did not. Therefore, the judge found that defendant failed to meet either *Strickland* prong.

Turning to defendant's third argument, Judge Jimenez found there was no support in the record for defendant's contention that his attorneys failed to advise him of the elements of the kidnapping charge. Indeed, the defendant provided a factual basis in support of his plea to this charge in response to his attorney's questions that clearly incorporated all of the elements of the offense.

Defendant next asserted that the attorney who represented him at sentencing was ineffective because he did not raise certain mitigating factors. However, after carefully reviewing each of these factors, Judge Jimenez concluded that none of them were

applicable and, therefore, defendant's attorney was not ineffective by failing to assert them.

Moreover, on direct appeal, defendant unsuccessfully argued that his sentence was excessive because Judge Jimenez erred by failing to find these same mitigating factors at the time of sentencing. Thus, even if the attorney were ineffective because he did not specifically raise these factors, the judge concluded that defendant still failed to meet the second prong of *Strickland* because the result would not have been different had he done so.

Finally, Judge Jimenez determined that because defendant failed to present a prima facie case of ineffective assistance of counsel, a plenary hearing was not required under *State v. Preciose*, 129 N.J. 451, 462 (1992).

….

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. *State v. Nash*, 212 N.J. 518, 541 (2013); *Preciose*, supra, 129 N.J. at 459. To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." *State v. Mitchell*, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." *State v. Cummings*, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance. *Preciose*, supra, 129 N.J. at 462.

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. *Strickland*, *supra*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed. 2d 674 at 693 (1984); *State v. Fritz*, 105 N.J. 42, 58 (1987). The United States Supreme Court has extended these principles to a criminal defense attorney's representation of an accused in connection with a plea negotiation. *Lafler v. Cooper*, 566 U.S. 156, 163, 132 S.Ct. 1376, 1384–85, 182 L.Ed. 2d 398, 406–07 (2012); *Missouri v. Frye*, 566 U.S. 134, 144, 132 S.Ct. 1399, 1407–08, 182 L.Ed. 2d 379, 390 (2012).

There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of

reasonable professional judgment." *Strickland*, *supra*, 466 U.S. at 690, 104 S.Ct. at 2066; 80 L.Ed. 2d at 695. Further, because prejudice is not presumed, *Fritz*, *supra*, 105 N.J. at 52, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. *United States v. Cronic*, 466 U.S. 648, 659 n.26, 104 S.Ct. 2039, 2047 n.26, 80 L.Ed. 2d 657, 668 n.26 (1984).

We have considered defendant's contentions in light of the record and applicable legal principles and conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11–3(e)(2). We affirm substantially for the reasons expressed by Judge Jimenez in his well-reasoned written opinion. We are also satisfied that contrary to defendant's contention in Point II of his brief, there was no evidence of bias or any other reasons requiring the assignment of a different trial judge to consider defendant's petition for PCR.

*State v. Little*, 2017 WL 728129, at *1–3.

Petitioner re-raises the same ineffective assistance of counsel claims in his habeas Petition and further asserts that the state courts erred in denying an evidentiary hearing on these claims. *See* Petition at 6-13. As explained below, the Appellate Division, which affirmed substantially for the reasons expressed by the PCR court, did not unreasonably apply *Strickland* in the plea context or base its denial of relief on an unreasonable application of the facts in light of the evidence.

As to the latter, Petitioner appears to assert that PCR court made unreasonable factual findings when it determined that Ms. Casper left his case due to maternity leave and not due to a dispute with Petitioner, and that Mr. Matey was fully advised of all aspects of the case by Ms. Casper. Petitioner points to the transcript of the pretrial hearing, in which Ms. Casper stated that she and Petitioner had a communication breakdown when they last spoke, and she did not know whether he intended to accept the state's fifteen-year plea deal. *See* Pretrial Hearing Transcript at 2:1-23. In light of Ms. Casper's statement at the pretrial hearing, Petitioner contends that she withdrew due to a undisclosed dispute and not due to maternity leave, as determined by the PCR

court.  Petitioner also submitted a certification with his PCR stating that Mr. Matey was totally unfamiliar with Petitioner's case, did not review the elements of the crimes with him, and was not interested in going to trial.  *See* ECF No. 13-17, Amended Verified Petition for Post-Conviction Relief, Superior Court, Law Division Mercer County, Indictment No. 11-08-0865I. He further asserts that his statement to the Court that Mr. Matey did an "excellent job" was sarcastic.  *See id.*; *see also* Plea Transcript, 8:22-24.

Here, Petitioner has not rebutted the PCR court's factual findings by clear and convincing evidence, *see* 29 U.S.C. § 2254(e)(1); *see Miller–El*, 545 U.S. at 240, or shown that state court denied his PCR based solely on these erroneous factual determinations.  Instead, the Appellate Division denied relief on each ineffective assistance claim because Petitioner failed to meet the *Strickland* test irrespective of these particular factual findings.

 Petitioner's claim that Mr. Matey failed to advise him of all of the elements of kidnapping is refuted by the record, as Petitioner provided a factual basis in support of his plea to this charge in response to his attorney's questions that incorporated all of the elements of the offense.  *See* Plea Transcript, 9:10-13:18.  Thus the state court did not unreasonably apply *Strickland* when it rejected this claim.

The state court also did not unreasonably apply *Strickland* when it determined Petitioner failed to show he was prejudiced by his attorney's alleged failure to investigate and pursue a diminished capacity defense based on his alleged mental illness and intoxication.  Other than bald assertions, Petitioner did not provide any evidence that additional investigation would have uncovered facts tending to support a diminished capacity defense, or any other defense, at trial. To show prejudice in this context, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going

to trial." *Hill*, 474 U.S. at 59 (emphasis added).  In this regard, Petitioner faced a thirty-year sentence on the kidnapping charge alone, and an aggregate sentence of over fifty years if he were also convicted of the three charges the State agreed to dismiss as part of the plea agreement. Petitioner's attorneys were able to negotiate a plea for a maximum sentence of fourteen years. The PCR court determined that it would not be rational for defendant to refuse to accept the favorable terms of the plea agreement and insist on going to trial, and Petitioner has not provided any evidence to suggest he would have insisted on going to trial given this exposure.  Thus the state court did not unreasonably apply *Hill* in finding that Petitioner failed to show he was prejudiced by his attorney's failure to investigate or raise a diminished capacity defense.  Thus, this claim fails even if Mr. Matey's performance was deficient, as Petitioner contends.

Petitioner also asserts that his counsel failed to argue mitigating factors at sentencing. The record, however, shows that the trial court considered a motion for a downward departure and that Petitioner spoke at sentencing and asked the trial court to consider mitigating factors, but the trial court concluded that none of them were applicable.  *See* Sentencing Transcript at 2:19-9:9.  On direct appeal, the Appellate Division also rejected Petitioner's arguments that the trial court erred by not finding mitigating factors three, seven, eight, and nine.  *See* ECF No. 13-9, Transcript of Excessive Sentence Oral Argument, Jun. 3, 2014; ECF No. 10, Order, State v. Little, A-003160-13T5 (Jun. 3, 2014), Superior Court, Appellate Division.  Under these circumstances, the state court did not unreasonably apply *Strickland* in finding that Petitioner failed to show he was prejudiced by his counsel's failure to argue for mitigating factors at sentencing.

Finally, Petitioner asserts that the Appellate Division erred in finding that he was not entitled to an evidentiary hearing.  Because the Court finds that the state court did not

14

unreasonably apply *Strickland* in denying Petitioner's PCR, the Court likewise rejects Petitioner's claim that the state court erred in denying him an evidentiary hearing on his ineffective assistance claims.

### a.  Certificate of Appealability

The Court will also deny a certificate of appealability ("COA").  Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding unless he has "made a substantial showing of the denial of a constitutional right."  Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court will deny a COA.

### IV.   <u>CONCLUSION</u>

For the reasons expressed in this Opinion, the Petition is denied and the Court declines to issue a certificate of appealability.  An Appropriate Order follows.


                                                        *s/Freda L. Wolfson*
                                                        Freda L. Wolfson
                                                        Chief U.S. District Judge

DATED: <u>September 14, 2020</u>